IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOE LYSENKO, | ) | |
| | ) | |
| Plaintiff, | ) | 4:04cv3333 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| TERRY R. EWING, et al., | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court pursuant to Fed. R. Civ. P. 4(m) which establishes the following time limit for service of process on a defendant in a civil case:

    (m) Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

    The plaintiff received notice of the deadline for service of process on the defendants in the court's Order on Initial Review. Because the plaintiff is proceeding in forma pauperis, the Clerk of Court provided summons forms to the plaintiff to complete and return to the court so that the U.S. Marshal could serve the defendants. The plaintiff did not return the forms for service of process, and the deadline expired. The court then issued an Order to Show Cause why this case should not be dismissed for failure to obtain service of process on any defendant. The plaintiff has not responded, and the deadline to show cause has passed.

    Therefore, pursuant to Fed. R. Civ. P. 4(m), the plaintiff's complaint and the above-entitled action are dismissed without prejudice. A separate judgment will be entered accordingly.

    DATED this 22nd day of April, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
Joseph F. Bataillon
Chief District Judge